EDWARDS WILDMAN PALMER, LLP
David Weild III (DW 9023)
Rory J. Radding (RR 4042)
H. Straat Tenney (HT 1224)
750 Lexington Avenue
New York, NY  10022
Telephone:  (212) 308-4411
Facsimile:   (212) 308-4844
*Attorneys for Plaintiffs/Counterclaim Defendants Victorinox Swiss Army, Inc.; Swiss Army Brand Ltd.; and Wenger NA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

VICTORINOX SWISS ARMY, INC., SWISS
ARMY BRAND LTD., and WENGER NA,
INC.

         Plaintiffs,

  -against-

FIRST SBF HOLDING, INC., d/b/a THE
GEVRIL GROUP and GEVRIL USA, NEW
DOVER GROUP, LTD., and SAMUEL
FRIEDMANN

         Defendants.

------------------------------------- X

FIRST SBF HOLDING, INC., d/b/a THE
GEVRIL GROUP and GEVRIL USA, and NEW
DOVER GROUP, LTD.

         Counterclaim Plaintiffs,

  -against-

VICTORINOX SWISS ARMY, INC., SWISS
ARMY BRAND LTD., and WENGER NA,
INC.

         Counterclaim Defendants.

------------------------------------- X

Civil Action No.: 12 Civ. 9419 (JSR)

**COUNTERCLAIM DEFENDANTS'
ANSWER AND AFFIRMATIVE
<u>DEFENSES TO COUNTERCLAIMS</u>**

Plaintiffs/Counterclaim Defendants Victorinox Swiss Army, Inc., Swiss Army Brand Ltd., and Wenger NA, Inc. (collectively "Counterclaim Defendants"), by and through their attorneys, Edwards Wildman Palmer LLP, for their answer to Defendants/Counterclaim Plaintiffs First SBF Holding, Inc. d/b/a The Gevril Group and Gevril USA, and New Dover Group, Ltd. (collectively "Counterclaim Plaintiffs") Counterclaims, state as follows:

## COUNTERCLAIMS

1. Counterclaim Defendants admit that Counterclaim-Plaintiffs brought an action for the cancellation of certain federal trademark registrations.

## PARTIES

2. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 2 and therefore deny the same.

3. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 3 and therefore deny the same.

4. Counterclaim Defendants admit the allegations of paragraph 4.

5. Counterclaim Defendants admit the allegations of paragraph 5.

6. Counterclaim Defendants admit the allegations of paragraph 4.

## JURISDICTION AND VENUE

7. Counterclaim Defendants admit that Counterclaim Plaintiffs purport to base the Court's jurisdiction on 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Counterclaim Defendants admit that Counterclaim Plaintiffs purport that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## FIRST COUNTERCLAIM
### (Cancellation of Registration No. 3,077,338, Registration No. 4,024,369 and Registration No. 3,820,133 for Simulating the Swiss Flag)

8. Counterclaim Defendants incorporate by reference their foregoing responses to the allegations contained in paragraphs 1 through 7 as set forth herein.

9. Counterclaim Defendants deny the allegations of paragraph 9, except admit that it owns United States Trademark Registration No. 4,024,369 and Registration No. 3,820,133, and is the exclusive distributor of watches bearing the trademark subject of United States Trademark Registration No. 3,077,338.

10. Counterclaim Defendants deny the allegations of paragraph 10.

## SECOND COUNTERCLAIM
### (Cancellation of Registration No. 3,077,338, Registration No. 4,024,369 and Registration No. 3,820,133 for Genericism)

11. Counterclaim Defendants incorporate by reference their foregoing responses to the allegations contained in paragraphs 1 through 10 as set forth herein.

12. Counterclaim Defendants deny the allegations of paragraph 12, except admit that it owns United States Trademark Registration No. 4,024,369 and Registration No. 3,820,133, and is the exclusive distributor of watches bearing the trademark subject of United States Trademark Registration No. 3,077,338.

13. Counterclaim Defendants deny the allegations of paragraph 13.

## THIRD COUNTERCLAIM
### (Cancellation of Registration No. 4,024,369 and Registration No. 3,820,133 for Descriptiveness)[1]

---

[1] The incontestable United States Trademark Registration No. 3,077,338 was included in the heading of Counterclaim Plaintiffs' Third Counterclaim, but was not included in the pleadings for the Third Counterclaim. Counterclaim Defendants have proceeded as if Registration No.

14. Counterclaim Defendants incorporate by reference their foregoing responses to the allegations contained in paragraphs 1 through 13 as set forth herein.

15. Counterclaim Defendants deny the allegations of paragraph 15, except admit that it owns United States Trademark Registration No. 4,024,369 and Registration No. 3,820,133.

16. Counterclaim Defendants deny the allegations of paragraph 16.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Counterclaim Plaintiffs' Counterclaims, Counterclaim Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Counterclaim Plaintiffs' Second and Third Counterclaims are barred for failure to state a claim upon which relief can be granted because Counterclaim Plaintiffs failed to properly plead genericness under 15 U.S.C. § 1064(3) and descriptiveness under 15 U.S.C. § 1052(e).

### SECOND AFFIRMATIVE DEFENSE
(Laches, Estoppel, Waiver, Unclean Hands, Acquiescence)

2. Counterclaim Plaintiffs' Counterclaims are barred under the doctrines of laches, estoppel, waiver, unclean hands, and acquiescence.

### THIRD AFFIRMATIVE DEFENSE
(Trademarks Not Simulations of Switzerland Flag)

---

3,077,338 is not included in the Third Counterclaim. Even if Counterclaim Plaintiffs intended to plead Registration No. 3,077,338 in the Third Counterclaim, this claim must fail under 15 U.S.C. § 1064 because the registration has been registered for more than five years and, thus, is not susceptible to cancellation under 15 U.S.C. 1052(e).

3. The trademarks of United States Trademark Registration No. 3,077,338, Registration No. 4,024,369 and Registration No. 3,820,133 are not simulations of the flag of the Swiss Confederation, known as Switzerland.

### FOURTH AFFIRMATIVE DEFENSE
### (No Genericness under 15 U.S.C. § 1064(3))

4. The trademarks of United States Trademark Registration No. 3,077,338, Registration No. 4,024,369 and Registration No. 3,820,133 are not generic because the primary and sole significance of the respective trademarks to the relevant public is as an identifier of watches originating with Counterclaim Defendants.

### FIFTH AFFIRMATIVE DEFENSE
### (Trademarks Not Merely Descriptive)

5. The trademarks of United States Trademark Registration No. 3,077,338, Registration No. 4,024,369 and Registration No. 3,820,133 are not merely descriptive of watches of Swiss origin under 15 U.S.C. § 1052(e).

### SIXTH AFFIRMATIVE DEFENSE
### (Trademarks Not Deceptively Misdescriptive)

6. The trademarks of United States Trademark Registration No. 3,077,338, Registration No. 4,024,369 and Registration No. 3,820,133 are not deceptively misdescriptive of watches of Swiss origin under 15 U.S.C. § 1052(e).

### SEVENTH AFFIRMATIVE DEFENSE
### (Acquired Distinctiveness under 15 U.S.C. § 1052(f))

7. Even if United States Trademark Registration No. 4,024,369 and Registration No. 3,820,133 are descriptive under 15 U.S.C. § 1052(e), the respective marks have become distinctive of Counterclaim Defendants' goods in commerce under 15 U.S.C. § 1052(f).

## EIGHTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

8.  Counterclaim Defendant hereby gives notice that it intends to rely upon any other defense that may become available during the discovery proceedings in this case and hereby reserves its right to amend this answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Defendants request that this Court render judgment in favor of Plaintiffs/Counterclaim Defendants Victorinox Swiss Army, Inc., Swiss Army Brand Ltd., and Wenger NA, Inc.,

1.  Dismissing Counterclaim Defendants' Counterclaims and denying all relief sought therein, with costs and attorneys' fees;

2.  Granting relief sought in the Complaint, including, issuing a judgment finding that: (i) Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) Defendants have engaged in trademark infringement and unfair competition under the common law of the State of New York; (iii) Defendants have violated N.Y.G.B.L. §368-d; and (iv) Defendants have been unjustly enriched in violation of the common law of the State of New York.

3. Granting such other and further relief as the Court deems proper.

Dated: New York, New York  
October 10, 2012

EDWARDS WILDMAN PALMER LLP

By: _____  
David Weild III (DW 9023)  
Rory J. Radding (RR 4042)  
H. Straat Tenney (HT 1224)  
EDWARDS WILDMAN PALMER LLP  
750 Lexington Avenue  
New York, New York 10022  
212.308.4411

*Attorneys for Plaintiffs/Counterclaim Defendants  
Victorinox Swiss Army, Inc.;  
Swiss Army Brand Ltd.; and Wenger NA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2012 a true and correct copy of the foregoing COUNTERCLAIM DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS was served upon counsel for the Defendants/Counterclaim Plaintiff listed below (by e-mail, electronic filing, First Class Mail):

>Gregory P. Gulia, Esq.
>Duane Morris LLP
>1540 Broadway
>New York, New York 10036-4086

I further certify under penalty of perjury that the foregoing is true and correct.

Dated: October 10, 2012
New York, New York

By: _____
H. Straat Tenney